## McDONALD *v.* VALDOSTA INVESTMENT COMPANY.

A testator by the first item of his will conferred on his executrix the power "to buy and sell property at any time she may deem fit, and to take control of all my affairs the same as her own, without any application or returns to be made to the regular courts of law regulating such cases; to pursue such course with my affairs as if I were personally present and performed the same." Another item of the will appointed his executrix guardian of his children, and vested her with "full power over their persons and property that is now guaranteed or vested in myself, and to manage and control their persons and their property as she deems best for their interests, with as full power as item 1st." The executrix and guardian thus appointed purchased the real estate in controversy, and took a deed to herself as trustee for the children of testator, "under the same limitations, restrictions, and powers as are allowed, directed, and contained in the last will and testament of the said Henry E. Moore, deceased," the testator. Subsequently the trustee applied to the judge of the superior court for an order to sell the lands belonging to her cestuis que trust, and to reinvest the proceeds, which was granted at chambers on December 13, 1869. The land was sold by the trustee and a deed executed by her as such to the purchaser, conveying the land in controversy. The deed contained no recital of the application and order to sell. The grantee and those who hold under him have held possession of the land under the deed for over forty years. The plaintiff (McDonald), who is the grandson of the testator, brought suit as the heir at law of his deceased mother, on whose estate there was no administration, to recover an undivided twelfth interest in the

land. The court granted a nonsuit. *Held,* that the deed of the trustee is to be construed as if the language in the will authorizing the guardian to sell were incorporated in the deed.

(*a*) Under the terms of the will the trustee, or testamentary guardian, had the authority to sell the land and execute a deed to the same without an order of court for that purpose.

(*b*) Regardless of whether the order was legally obtained in vacation, the trustee had authority to sell the land, and her deed as trustee conveyed all the title she and her cestuis que trust had thereto.

(*c*) The court did not err in granting a nonsuit.

JULY 22, 1914.

Ejectment. Before Judge Thomas. Lowndes superior court. May 29, 1913.

*W. P. Wallis, J. P. Knight,* and *E. K. Wilcox,* for plaintiff.

*Denmark & Griffin,* for defendant.

HILL, J. This case turns mainly upon the construction of the will of Henry E. Moore, which was dated June 18, 1861, and was probated in solemn form on December 26, 1862. The items of the will necessary for a proper determination of this case are as follows: "Item I. I do hereby constitute and appoint my mother (Mrs. Mary Moore) my executrix. She is hereby vested with full power to pay all my liabilities which have accrued to me since coming to this county, to collect all debts due me and receipt for the same, and to buy and sell property at any time she may deem fit, and to take control of all my affairs the same as her own, without any application or returns to be made to the regular courts of law regulating such cases; to pursue such course with my affairs as if I were personally present and performed the same. Item II. I desire my mother to be appointed guardian of my children (Alice M., Henry E., and Georgia A. Moore), and that she be vested with full power over their persons and property that is now guaranteed or vested in myself, and to manage and control their persons and their property as she deems best for their interests, with as full power as item 1st."

The present case is an action of ejectment brought by the plaintiff, George C. McDonald, against the Valdosta Investment Company, to recover one twelfth undivided interest in the land sued for. Plaintiff claims title as an heir at law of his mother, Georgia A. (Moore) McDonald. The evidence for the plaintiff tended to show that Georgia Moore was the daughter of Henry E. Moore, the testator, and that she was born January 19, 1860, and died April 4, 1884, and there had been no administration on her estate. She

married K. M. McDonald, who died June 30, 1910. The plaintiff was born March 30, 1884, and was the only child of Georgia (Moore) McDonald and K. M. McDonald. Plaintiff brought his suit in March, 1912, a few days before he was twenty-eight years old. Letters of guardianship issued by the court of ordinary of Lowndes county to Mary Moore, appointing her guardian of Alice M., Henry E. and Georgia A. Moore, minor children of Henry E. Moore, dated June 1st, 1863, were admitted in evidence. The letters of guardianship contained the following clause: "I do commit the guardianship of said orphans to you, the said Mary Moore, you assenting thereto by the acceptance of these letters. That you inquire into and take charge of their estate, real and personal, and all other things to do by law you ought to do for said wards." Also, a deed from R. A. Peeples to Mary Moore, conveying the land in question, in trust for Alice, Henry, and Georgia, minor children of H. E. Moore, deceased, dated January 24, 1868, and containing the following clause: "I, Richard A. Peeples, . . do hereby bargain, sell, and convey unto Mary Moore, in trust for Alice, Henry, and Georgia, minor children of Henry E. Moore, deceased, under the same limitations, restrictions, and powers as are allowed, directed, and contained in the last will and testament of the said Henry E. Moore, deceased," etc. Also, the petition of Mary Moore, trustee for Henry, Alice, and Georgia, minor children of H. E. Moore, deceased, to the judge of the superior court of Lowndes county, for an order allowing the sale of certain property, including that in question, dated December 13, 1869, together with the order *granted at chambers* on December 20, 1869, allowing the sale. Also, a deed from Mary Moore, trustee for Henry, Alice, and Georgia Moore, to John C. Wisenbaker, dated December 21, 1869, reciting a consideration of $1,000. Also, a deed dated December 21, 1877, from Alice M. Sims (née Moore), H. E. Moore, and Georgia A. Moore, children of H. E. Moore, deceased, to C. N. Mayson as trustee of Susan Augusta McBride. (It is recited in the bill of exceptions that this deed was in fact signed only by Alice M. Sims and H. E. Moore.) Also, a deed from J. C. Wisenbaker to R. A. Anderson et al., and a deed from Anderson et al. to C. N. Mayson as trustee for Susan Augusta McBride, conveying a tract of land of which the land in controversy is a part. Also, a chain of conveyances from C. N. Mayson, as trustee of Susan A. McBride, into the defendant, the

Valdosta Investment Company. At the conclusion of the evidence the court granted a nonsuit and dismissed the petition.

It is insisted that the defendant's title depends on the validity of the order of the judge of the superior court, purporting to authorize Mrs. Mary Moore, as trustee, to sell the property in controversy. It is argued that prior to the act of 1889 judges of the superior court had no authority to grant in vacation an order to a guardian to sell the lands of his ward, and that a deed executed under a sale thus granted is void. See *Mills* v. *Geer,* 111 *Ga.* 276 (3), 291 (36 S. E. 673, 52 L. R. A. 934). Under the view we take of this case, it is immaterial whether the order of the judge of the superior court to sell was granted in vacation or not, or whether the guardian was appointed statutory guardian and sold the land by virtue of an order obtained in that capacity. Under the terms of the deed from Peeples to Mary Moore, the trustee, she was vested with the "same limitations, restrictions, and powers as are allowed, directed, and contained in the last will and testament of the said Henry E. Moore, deceased." And the will conferred on her the authority "to buy and sell property at any time she may deem fit, and to take control of all my affairs the same as her own, without any application or returns to be made to the regular courts of law regulating such cases; to pursue such course with my affairs as if I were personally present and performed the same." This language is broad and comprehensive, and under its terms we think the trustee had full power to sell and dispose of any of the property of Henry E. Moore, without an order of court, or irrespective of whether the trustee was appointed statutory guardian and sold it as such. Under the powers conferred by the deed and will, the trustee could sell any of the testator's property the same as he could if living. It follows that if she had these powers under the will of the testator, she had the same powers as to the land in controversy under the deed from Peeples to her, as trustee for Henry, Alice, and Georgia Moore, the latter being the mother of the plaintiff. The same powers are expressly given to the trustee in the deed as were given by the will of H. E. Moore, and the deed is to be construed as if the language of the will were incorporated in the deed. See 6 Am. & Eng. Enc. Law, 516. It appears from the evidence that Mary Moore, as trustee for the mother of the plaintiff, and for her brother and sister, sold the property conveyed by Peeples to one Wisenbaker, and executed

a deed to him as trustee; and the grantee of Wisenbaker, and subsequent grantees on down to the defendant in error, held possession of this property until the present suit was filed—a period of over forty years. The deed from Mary Moore, trustee, to Wisenbaker does not recite the granting of the order by the judge of the superior court to sell the land. From the foregoing we conclude that under the deed from Peeples to Moore, trustee, and under the will of H. E. Moore, when Mrs. Moore as trustee conveyed the land in question to. Wisenbaker she conveyed all the interest that she as trustee had, or that Georgia Moore, afterwards McDonald, had in the property; and it necessarily follows that the plaintiff as the heir at law of Georgia (Moore) McDonald has no interest in the land, and that the court was right in granting a nonsuit and dismissing the action.

*Judgment affirmed. All the Justices concur.*